**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ERICK D. CONWAY, #B69610,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:22-cv-00343-SMY** |
| | ) | |
| **FREDRICK J. KAPPALA,** | ) | |
| **MARK T. KARNER,** | ) | |
| **STEVEN E. WILTGEN,** | ) | |
| **JOSEPH G. MCGRAW,** | ) | |
| **CATHRINE ZENOFF,** | ) | |
| **JOHN DOE,** | ) | |
| **STEVEN J. BIAGI, and** | ) | |
| **PHILIP G. REINHARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Erick D. Conway, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to a criminal proceeding. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Plaintiff was found guilty of armed robbery and is serving a life sentence as a habitual criminal. The allegations in the Complaint pertain to the armed robbery proceedings. Based on the Complaint allegations and attachments, it appears Plaintiff is attempting to raise issues previously addressed on a direct appeal, in a postconviction petition, and in a habeas petition filed

pursuant to 28 U.S.C. § 2254.  He also alleges that the denials of his direct appeal, postconviction petition, and habeas petition violated his constitutional rights.  He names as defendants four judges, three prosecutors,[1] and a public defender.

Judges are protected by absolute immunity from § 1983 suits for damages when they are sued for solely judicial acts.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  A judge will not be deprived of immunity because the action taken was in error, was done maliciously, or was in excess of judicial authority.  *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978).  Likewise, "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process."  *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016).  It is clear from Plaintiff's allegations that the judges and prosecutors were acting within the scope of their duties when they committed the acts of which Plaintiff complains.  Thus, they are immune from liability relative to Plaintiff's claims.  Similarly, defense attorneys, even those appointed by a court, are not considered state actors for purposes of a claim under § 1983 and cannot be held liable.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

## Disposition

The Complaint is **DISMISSED with prejudice** for failure to state a claim for relief.[2]  The dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court

---

[1] Although Plaintiff does not identify defendant Steven Biagi's role in his allegations, Biagi is identified in *People v. Conway*, 2019 IL App (2d) 170196, ¶ 5, 139 N.E.3d 71, 73 as an Assistant State's Attorney who appeared to oppose Plaintiff's motion for leave to file a successive postconviction petition.

[2] Because Plaintiff's claims pertain solely to conduct related to the armed robbery proceedings, the problems with the Complaint cannot be cured by permitting Plaintiff to amend.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED.**

**DATED:  June 2, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

3