IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERICK D. CONWAY, #B69610** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:22-cv-00343-SMY |
| ) | |
| **FREDRICK J. KAPPALA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. 16) and Supplemental Motion for Relief from Judgment (Doc. 17). Rule 60(b) permits relief from a final judgment or order based on six specified circumstances, only two of which are relevant here: "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

First, Plaintiff argues that the Court mistakenly construed the facts alleged in the Complaint and misconceived the character of his causes of action. But an alleged misinterpretation of the facts by the Court is not the type of "mistake" the Rule contemplates – it refers to mistake, inadvertence, etc. by the movant. Nor does Plaintiff's argument present the type of extraordinary circumstances supporting relief under subsection (6). *See Mendez v. Republic Bank*, 725 F.3d 651, 657 (2013).

Plaintiff also seeks reconsideration under Federal Rule of Civil Procedure 59(e) as to the Court's Order denying his Motion for Reconsideration. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Plaintiff

argues the Court erred in finding that he failed to state an ADA or RA claim against the Defendants. The Court finds no mistake of fact or law regarding its conclusion that Plaintiff's Complaint does not state viable claims against the defendants (four judges, three prosecutors, and a public defender involved in a criminal prosecution and post-conviction proceedings) under the ADA or RA. Even if Plaintiff could assert a claim against the defendants under the ADA or RA related to the criminal prosecution and post-conviction proceedings, the applicable two-year statute of limitations would bar the claim. Plaintiff's motions are **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: August 29, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
